# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ANDRES CANO-GOMEZ, | : | PRISONER CIVIL RIGHTS |
|    Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:16-CV-1933-AT-CMS |
| DEPUTY CROMER, et al., | : | |
|    Defendants. | : | |

## ORDER

Andres Cano-Gomez initiated this civil action while in state prison, and his Second Amended Complaint is now before me for screening pursuant to 28 U.S.C. § 1915A. *See* [13].

As a preliminary matter, I note that when I screened Cano-Gomez's initial filing and Amended Complaint, I construed those filings liberally because they were submitted *pro se*. *See, e.g., Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). Cano-Gomez's Second Amended Complaint, in contrast, has been submitted through counsel.

"To survive [screening,] a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Importantly:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that the defendant acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'
>
> Two working principles underlie [these pleading requirements]. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives [screening]. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.

*Id.* at 678-79 (internal quotation marks, brackets, and citations omitted).

Measured against the *Iqbal* standard, the Second Amended Complaint barely survives screening. The Second Amended Complaint's recitals border on the "threadbare," and there are a substantial number of conclusory statements unsupported by specific factual allegations. The most significant of these conclusory statements alleges that, "[a]s a result of

the incident on April 12, 2015, [Cano-Gomez] has suffered injuries includ[ing] serious back pain, back spasms, headaches, dizziness, insomnia, post-traumatic stress disorder, increased irritability, difficulty concentrating, and episodic narcolepsy." [13] at ¶ 27. But the Second Amended Complaint includes no specific factual allegations to back up this statement, and it is noteworthy that Cano-Gomez, in his initial filing, submitted copies of (A) a grievance (filed in June 2015) that identified no physical injury he had allegedly suffered on April 12, 2015, but rather stated only that he was "stressed emotionally and mentally," and (B) his own statement (filed in April 2015) attributing injuries to his back and ankle to a "pri[o]r car accident." [1] at 3, 12, & 15. Nevertheless, at this very preliminary stage, I will presume that counsel for Cano-Gomez can reconcile the apparent contradictions between the counseled Second Amended Complaint and Cano-Gomez's earlier statements.[1]

---

[1] Whether or not Cano-Gomez suffered any physical injury on April 12, 2015 is an extremely significant issue because federal law provides that "[n]o . . . civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e); *see also Harris v. Garner*, 216 F.3d 970, 972 & 984 (11th Cir. 2000) (en banc).

Thus, at this very preliminary stage, I conclude that Cano-Gomez should be permitted to proceed on his Second Amended Complaint on all counts and against all defendants named therein.[2]

Because this is a prisoner civil rights case, it is automatically assigned to the zero-month discovery track.  *See* App. F. to LR, NDGa.  If any party determines that discovery is required, that party must, within thirty days after the first appearance of a defendant by answer, file a motion requesting a discovery period.

**SO ORDERED**, this 10th day of October, 2017.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

---

[2] I have found no case that indicates whether Cano-Gomez, who in March 2014 pleaded guilty and was sentenced under the Georgia First Offender Act, O.C.G.A. § 42-8-60, to a term of ten years' probation for felony drug possession, *see* [13] at ¶ 11, is properly classified as a "pretrial detainee" or a "convicted prisoner" for purposes of claims brought under 42 U.S.C. § 1983 relating to events that occurred in April 2015, shortly before his status as a "First Offender" was revoked in June 2015, *see* [13] at ¶ 32. The parties should be prepared to brief this issue as this case proceeds, so that a determination may be made whether Cano-Gomez's excessive force claim ought to proceed under Count One (Fourteenth Amendment) or Count Two (Eighth Amendment).